MOORE v. FIRST NATIONAL BANK OF JONESBORO.

Opinion delivered September 23, 1918.

PLEDGE—DISCHARGE.—Where certain land-purchase notes were assigned to a bank as collateral to secure an indebtedness of the vendor to the bank, the fact that the latter's debt to the bank was discharged while the collateral notes were retained will not entitle the vendee to a discharge of his indebtedness to the bank as the vendor's assignee.

Appeal from Clay Chancery Court, Eastern District; R. P. Taylor, Special Chancellor; affirmed.

*F. G. Taylor,* for appellant.

The court erred in sustaining the finding of the special commissioner.

*Huddleston, Fuhr & Futrell,* for appellee.

The evidence sustains the finding and decree. The debt has never been paid and the equities of Sachs were

transferred to Weil. Weil and the bank have the right to sue in the name of Sachs and the bank. Kirby's Digest, § 6001.

HUMPHREYS, J. Lewis Sachs instituted suit against appellant on September 10, 1914, in the Eastern District of the Clay Chancery Court, on two notes of $300 each with interest, and for foreclosure of a vendor's lien retained on lands in Clay County, conveyed on November 5, 1910, to J. N. Moore by Lewis Sachs and Theresa, his wife.

On November 18, 1914, appellant answered claiming damages on account of a breach of warranty for possession contained in said deed of conveyance.

On December 10, 1915, Lewis Sachs was adjudged a bankrupt, and, on motion, his trustee in bankruptcy, J. M. Jarman, was made a party plaintiff.

On April 18, 1916, for interest shown in the notes the First National Bank of Jonesboro was made a party plaintiff in the action.

On November 22, 1916, the cause was submitted to the court upon the pleadings and evidence, from which the court found that the two notes in question, together with other property, had been hypothecated for value before maturity to the First National Bank of Jonesboro; that the amount of $954.99 was then due on said notes, and that said bank was entitled to a lien on the real estate so conveyed for the amount. Accordingly a lien was declared on the land for $954.99 in favor of said bank. Also found that the covenant for possession was breached, to the damage of J. N. Moore, in the sum of $500, and rendered judgment for said amount in favor of J. N. Moore against J. M. Jarman, trustee in bankruptcy of Lewis Sachs. In order to enable J. N. Moore to reach Sachs' equity in the collateral notes held by said bank, foreclosure of the lien and sale of the land was postponed until the collateral securities held by the bank could be marshaled. C. M. Spraggins was appointed master to ascertain the value of the other collateral securities held by the bank to secure the indebtedness.

The master heard evidence and reported the total indebtedness of Lewis Sachs to the bank on the 29th day of December, 1916, to be $8,900 and the value of the securities pledged to the bank to secure said indebtedness to be $8,371.43.

Exceptions to the master's report were filed by J. N. Moore. On January 26, 1918, J. N. Moore and Sylvia V. Moore filed petition for a bill of review, seeking to set aside the decree rendered in the cause on November 22, 1916. Other evidence was taken, and the cause was submitted to R. P. Taylor, special chancellor, upon the complaint, answer, decree of date November 22, 1916, bill of review, master's report, exceptions thereto and depositions of certain witnesses, from which the court found the issues for the First National Bank of Jonesboro and decreed a foreclosure of the lien for $954.99, and interest in favor of said bank against the land and ordered a sale of said land to satisfy said lien.

From the decree an appeal has been prosecuted to this court.

It is insisted by the appellant that the undisputed evidence disclosed that, after the master took the evidence upon which he based his report, Sachs' indebtedness to the bank was paid, and the two collateral notes sued upon released either to Sachs or his trustee, J. D. Jarman. It is true the evidence showed that Sachs' notes evidencing his indebtedness to the bank were stamped paid, but the evidence disclosed that they were paid by the substitution of Herbert Weil's note, who had purchased the assets of Lewis Sachs at the sale in bankruptcy, and also disclosed that Weil pledged the same collateral to secure his note which had been pledged to secure Sachs' note. The bank never lost its interest in the collateral notes, for the effect of the transaction was to transfer to Herbert Weil Sachs' equity only in the securities theretofore pledged by Sachs to the bank.

The decree of the chancellor is therefore sustained by the evidence and is affirmed.